UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUTH D. BUNDY et al,

    Plaintiffs,

v.                                        CASE NO: 8:04-cv-1439-T-23TBM

JAMES D. BOARD et al,

    Defendants.
_____/

**ORDER**

Ruth D. Bundy and Ralph Charles Whitley, Sr. ("the plaintiffs"), proceeding *pro se*, bring a civil rights complaint[1] under 42 U.S.C. §§ 1981 through 1986 against an array of "conspirators" collectively designated "the Judicial Branch of Government of Florida" (Doc. 1). The plaintiffs allege violations of their First, Second, Third (!), Fourth, Fifth, and Fourteenth Amendment rights (Doc. 1, at 75). The plaintiffs further allege perjury, conspiracy, intentional infliction of emotional distress, and multiple "violations" of the

---

[1] The complaint consists of eighty-four pages of rambling, disjointed, and incoherent allegations. The plaintiffs' claims apparently arise from a state-court civil case litigated in October 2002, and the plaintiffs' subsequent unsuccessful appeals (Doc. 1, at 2). The complaint is replete with allegations of "reversible errors" and requests for this court to "quash" state-court orders thereby "allowing a new trial" (Doc. 1, at 3). To the extent that the plaintiffs seek to appeal an earlier state-court adjudication, such an appeal is barred. See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). A unanimous Supreme Court has held that *Rooker-Feldman* bars a federal district court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 125 S. Ct. 1517, 1521 (2005).

Florida Rules of Civil Procedure and the Florida Rules of Evidence (Doc. 1). The defendants include the Supreme Court of Florida ("the Florida Supreme Court"); the Florida Second District Court of Appeal ("the Florida 2nd DCA"); Thirteenth Judicial Circuit Judge Herbert John Baumann ("Judge Baumann"); attorneys John Day ("Day") and Randall Reder ("Reder"); Dr. Bruce Welch, a board certified psychiatrist ("Dr. Welch"); Colgi, Inc., a Florida Corporation ("Colgi"); Steve Martin, a refrigerator repairman ("Martin"); and, James Board, a dead man ("Board"). The plaintiffs demand $17 million from each defendant (Doc. 1, at 2).

Each defendant either moves to dismiss the complaint or moves for judgment on the pleadings.[2] A pleading drafted by a *pro se* party is interpreted under less stringent standards than a pleading drafted by an attorney. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). However, "[e]ven in the case of *pro se* litigants . . . leniency does not give a court license to serve as *de facto* counsel for a party, . . . or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998).

At all times relevant to the complaint, the Florida Supreme Court, the Florida 2nd DCA, and Judge Baumann acted in their official capacities as members of the Florida judiciary. Every member of the Florida judiciary enjoys absolute judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 355-57 (1978). "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission

---

[2] Reder submits a paltry three-sentence motion to dismiss the complaint (Doc. 7). This motion is **DENIED** for failure to comply with Local Rule 3.01(a). However, because the complaint fails to state a cognizable claim, Reder benefits from the arguments and legal authorities marshaled by other defendants.

of grave procedural errors." Id. at 359.  See Bolin v. Story, 225 F.3d 1234, 1239-42 (11th Cir. 2000).  Allegations of bad faith or malice fail to overcome judicial immunity. Mireless v. Waco, 502 U.S. 9, 11 (1991).  Accordingly, the motion to dismiss filed by the Florida Supreme Court, the Florida 2nd DCA, and Judge Baumann (Doc. 31) is **GRANTED**.

As to the remaining defendants, the complaint alleges no facts to support a claim against them under 42 U.S.C. §§ 1981 through 1986.  Because the plaintiffs allege neither membership in a protected minority nor discrimination based on racial animus, the plaintiffs fail to state a claim under 42 U.S.C. §§ 1981 and 1982.  See Daniels v. Dillard's, Inc., 373 F. 3d 885, 887 (8th Cir. 2004); Rutstein v. Avis Rent-a-Car Sys., Inc., 211 F. 3d 1228, 1235 (11th Cir. 2000); Shower v. City of Bartow, 978 F. Supp. 1464, 1469 (M.D. Fla. 1997).  Similarly, without any allegation of race or class-based animus, the plaintiffs fail to state a claim under 42 U.S.C. § 1985.  Childree v. UAP/GA CHEM, Inc., 92 F. 3d 1140, 1147 (11th Cir. 1996), cert. denied, 519 U.S. 1148 (1997).  With no colorable claim under the prerequisite 42 U.S.C. § 1985, the plaintiffs cannot state a valid claim under 42 U.S.C. § 1986.  See 42 U.S.C. § 1986.  Finally, none of the remaining defendants are state actors.  Because the complaint fails to allege that any of the remaining defendants acted under color of law in depriving the plaintiffs of any right, privilege, or immunity granted by the Constitution, the plaintiffs fail to state a claim under 42 U.S.C. § 1983.  Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 936 (1982).

Accordingly, the motions to dismiss filed by Colgi (Doc. 40), Board, appearing *de bene esse* (Doc. 41), and Martin (Doc. 44) are **GRANTED.**  Likewise, the motions for

judgment on the pleadings filed by Day (Doc. 54) and Dr. Welch (Doc. 55) are **GRANTED**. The plaintiffs' motion to substitute the Estate of James H. Board as a party for Board (Doc. 56) and motion for extension of time to complete discovery (Doc. 51) are **DENIED AS MOOT.** The plaintiffs' motion (Doc. 37) for sanctions against Day lacks merit and is **DENIED**. Because all of the plaintiffs' federal claims will be dismissed, the court, under 28 U.S.C. § 1367(c)(3), declines to exercise jurisdiction over any of the plaintiffs' remaining state claims.

This action is **DISMISSED WITH PREJUDICE**. The Clerk is directed to (1) terminate any pending motion and (2) close the case.

ORDERED in Tampa, Florida, on September 20, 2005.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc:   US Magistrate Judge
      Courtroom Deputy
      Pro Se Plaintiffs